IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE DUWAMISH TRIBE,
4705 W. Marginal Way SW,
Seattle, WA 98106,

           Plaintiff,

    v.

U.S. DEPARTMENT OF THE
INTERIOR
1849 C Street, N.W.
Washington DC 20240,

and

BUREAU OF INDIAN AFFAIRS,
MS-4606 1849 C Street, N.W.
Washington, DC 20240,

           Defendants.

Civil Action No.  1:25-CV-1879

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Duwamish Tribe alleges as follows:

### INTRODUCTION

1.    Plaintiff Duwamish Tribe ("Duwamish Tribe" or "Tribe") brings this action under

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to enjoin

Defendants U.S. Department of the Interior ("DOI") and Bureau of Indian Affairs ("BIA") from

improperly withholding agency records properly requested by Plaintiff and to compel production

of such records.

2.    In February 2022, Plaintiff requested documents from BIA pursuant to FOIA.

Despite being statutorily mandated to respond to the request within 20 working days, Defendants

failed to respond to Plaintiff's request until July 2023, and did not purport to complete their

response to the request until November 2023.

3.    Defendants, however, only partially responded to Plaintiff's request, and did not provide any explanation for why they did not provide a complete response. Plaintiff appealed Defendants' partial responses in a timely manner in February 2024 to DOI; however, despite FOIA's statutory requirements to respond to such an appeal within 20 days, DOI has not responded to Plaintiff's appeal for over 15 months.

4.    Plaintiff therefore files this action for an order declaring that both DOI and BIA have violated FOIA and compelling both agencies to produce documents responsive to Plaintiff's FOIA request.

## PARTIES

5.    Plaintiff Duwamish Tribe is an Indian tribe with its ancestral homeland in present-day Seattle and surrounding areas, before non-Indian settlers moved west and started inhabiting the Tribe's lands. The Duwamish Tribe and Chief Seattle welcomed the settlers and in 1855, Duwamish Chief Seattle, for whom the City of Seattle ("City") is named, signed a treaty with the United States on behalf of the Tribe at Point Elliott, Washington ("Treaty of Point Elliott" or "Treaty"). By signing the Treaty, the Duwamish Tribe agreed to relinquish its ancestral lands to the United States in exchange for monetary payments and other promises made under the Treaty. Today, the Duwamish Tribe governs itself pursuant to a constitution adopted in 1925 and since amended, most recently in 2023. The Tribe's more than 600 members are descendants of the members of the Duwamish Tribe as it existed when Chief Seattle signed the Treaty.

6.    Defendant U.S. Department of the Interior is an executive department of the United States. It is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA. In addition to being in possession and control of the requested records, it is responsible

509426828.4

for responding to and adjudicating any appeals of BIA's handling of and response to Plaintiff's FOIA request.

7.      Defendant Bureau of Indian Affairs is a division within the executive branch of the United States federal government under DOI. It is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA. On information and belief, BIA maintains the requested records and is the bureau within DOI that is responsible for responding to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## LEGAL BACKGROUND

10.     FOIA requires a federal agency to make public records "promptly available"— subject to enumerated exemptions—to any person who makes a request that reasonably describes the records sought and complies with the agency's rules for making the request. 5 U.S.C. § 552(a)(3)(A).

11.     FOIA requires the agency to issue a determination on a FOIA request within 20 working days from the date the agency received the FOIA request. *Id.* § 552(a)(6)(A)(i).

12.     The agency's determination on a FOIA request shall contain (1) the agency's determination of whether to comply with the request and provide responsive records, (2) the reasons for the agency's determination, and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency. *Id.*

13.     If the requester appeals an agency's adverse determination, FOIA requires the agency to make a determination within 20 working days from the date the agency received the appeal. *Id.* § 552(a)(6)(A)(ii). If the agency upholds the denial of the request for records, in whole or in part, FOIA requires the agency to notify the requester of the applicable FOIA provisions for judicial review of that determination.

14.     FOIA allows the agency to extend the 20-working-day deadlines by up to 10 additional working days for "unusual circumstances," by providing written notice to the requester that describe the "unusual circumstances" and provides the date on which the determination is expected to be issued. *Id.* § 552(a)(6)(B)(i).

15.     If the agency fails to comply with FOIA's statutory deadline for issuing a determination on a request, the requester is deemed to have exhausted its administrative remedies and may file suit against the agency. *Id.* § 552(a)(6)(C)(i).

16.     Under FOIA, an agency shall waive or reduce fees and costs incurred in responding to a FOIA request "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

17.     This Court interprets FOIA's fee waiver provision to require that an agency's determination on a request for a fee waiver be made within the 20-working-day period. *Pub. Citizens, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[I]f the agency fails to respond to a waiver request within 20 days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review.").

18.     The agency bears the burden to prove the legality of its actions under FOIA. 5 U.S.C. § 552(a)(4)(B).

19.    FOIA grants jurisdiction to the court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

20.    Under FOIA, this Court may assess attorney's fees and costs against the United States if Plaintiff substantially prevails in this action. *Id.* § 552(a)(4)(E).

## FACTUAL BACKGROUND

21.    On February 24, 2022, Plaintiff submitted a FOIA request to BIA's Office of the Assistant Secretary of Indian Affairs (attached as **Exhibit A**) ("Request"). In its Request, Plaintiff requested the following eight categories of documents:

  a.  Records of or relating to expenditures of congressional appropriations made to the Bureau of Indian Affairs for support of "Dwamish and other allied tribes in Washington" from 1855–1924 (*see, e.g.*, 43 Stat. 708 (Dec. 6, 1924) (appropriating funds to the Department of Interior, Bureau of Indian Affairs, for "General support and civilization: For support of Indians, as follows: . . . Dwamish and other allied tribes in Washington, $1,180 . . ."))

  b.  Records of or relating to the payment or disbursement of annuities, payments, or other benefits to members of the Duwamish Tribe and other allied tribes included under the treaty of Point Elliott from 1855 to 1938, including Duwamish Tribe members living on and off reservations. See Annual Report of the Commissioner of Indian Affairs at 305 (Jan. 2, 1862).

  c.  Records of or relating to any funds of the Duwamish Tribe or held in trust for the Duwamish Tribe, or any funds held in trust by the United States for the benefit of individual members of the Duwamish Tribe, deposited by the

Secretary of the Interior in any bank pursuant to the Act of 1938, 52 Stat. 1037 (June 24, 1938) (Attachment 3). See also BIA Letter dated June 16, 1965 (Attachment 4); Advice of Allotment dated November 16, 1965.

d. Records of or relating to the disposition of funds appropriated by Congress to pay a judgment in favor of the Duwamish Tribe of Indians in Indian Claims Commission docket numbered 109 pursuant to Pub. L. 89-660, 80 Stat. 910 (Oct. 14, 1966).

e. Records of or relating to any Indian identification cards, or "blue cards," or potentially "green cards" or "pink cards," issued by the Bureau of Indian Affairs to members of the Duwamish Tribe from 1925-1975 authorizing them to receive certain benefits, including healthcare and education benefits and authorization to fish or hunt without state licenses. See Proposed Finding at 211–12 (June 18, 1996).

f. Records of or relating to the 1952 "withdrawal planning document for non-reservation tribes with public domain allotments" referenced in footnote 40 on page 22 of the Administrative Background section of the Technical Report for the Final Determination to Acknowledge the Snoqualmie Tribal Organization (1997).

g. Records of or relating to the "1952 listing of claims organizations" referenced in footnote 40 on page 22 of the Administrative Background section of the Technical Report for the Final Determination to Acknowledge the Snoqualmie Tribal Organization.

h. Records of or relating to any governmental policy, practice, or procedure to

exclude Indigenous women and/or their descendants from tribal enrollment rolls or lists or other tribal enrollment documentation from 1855 to 1920.

22.     Plaintiff requested that BIA respond with all documents responsive to the Request, in complete and unredacted form, within 20 working days, as required by 5 U.S.C. § 552(a)(6)(A)(i).

23.     Plaintiff also requested that, if BIA determined that additional time was needed to determine the releasability of certain portions of the requested records, BIA provide a partial release of the records or portions thereof that were immediately releasable.

24.     On March 22, 2022, BIA sent a letter to Plaintiff (attached as **Exhibit B**) acknowledging receipt of Plaintiff's Request and assigning the Request control number BIA-2022-002354.

25.     BIA failed to respond to the Request within 20 working days, as required by 5 U.S.C. § 552(a)(6)(A)(i).

26.     On November 1, 2022, Plaintiff sent a letter to BIA (attached as **Exhibit C**) requesting a status report of its Request and a fee waiver pursuant to 43 C.F.R. §§ 2.45 and 2.48. BIA never responded.

27.     On July 6, 2023—nearly one-and-a-half years after Plaintiff submitted its original Request—BIA provided its first partial response ("First Partial Response") (attached as **Exhibit D**). This First Partial Response did not organize the responsive materials in a way that indicated the information request category to which the documents related. After reviewing the materials, Plaintiff discovered that BIA only produced documents responsive to three of the eight categories of requested information. For example, BIA entirely failed to provide any records of or relating to the issuance of Indian identification cards to members of the Duwamish Tribe from

509426828.4

1925 to 1975 and to any governmental practice to exclude Indigenous women or their descendants from tribal enrollment documentation from 1855 to 1920.

28.     BIA also asserted FOIA Exemption 5 (deliberate process privilege and/or attorney-client privilege) and FOIA Exemption 6 (personnel and medical files) to justify the redaction and withholding of certain documents. These redactions, however, were overbroad and arbitrary given the context and age of most of the documents. Specifically, BIA redacted what appear to be memoranda or letters created 25 years or more before the date on which Plaintiff requested the records. Although Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," the exemption specifically provides that "the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(8)(b)(5) (emphasis added). To the extent BIA asserts attorney-client privilege, BIA needed to do more than identify the documents as attorney-client communications; rather, it needed to establish that the documents involve the provision of legal advice. *Judicial Watch, Inc. v. U.S. Postal Serv.*, 297 F. Supp. 2d 252, 267 (D.D.C. 2004). No basis exists for asserting the deliberate process privilege or attorney-client privilege with respect to the documents BIA redacted.

29.     BIA also cited Exemption 6 as justification for its redaction of what appears to be the names, addresses, and in some cases other personal information on correspondence relating to individuals' potential eligibility to receive distributions on the judgment of the Indian Claims Commission in favor of the Duwamish Tribe. *See Upper Skagit Tribe of Indians v. United States*, 13 Ind. Cl. Comm. 583 (1964). Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which could constitute a clearly unwarranted invasion of

privacy." 5 U.S.C. § 552(8)(b)(6). Here, however, there was no cognizable privacy interest in the redacted information. *Multi Ag Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1229–30 (D.C. Cir. 2008). Disclosure would present a *de minimis* threat, if any, and would not result in significant consequences, such as embarrassment, harassment, or intimidation. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991) (quotations omitted). Accordingly, as the public interest in disclosure significantly outweighed any personal privacy implications, FOIA requires that BIA disclose the redacted information.

30.    Additionally, BIA redacted certain responsive documents (which appear to be memoranda and correspondence from the Office of the Solicitor) so extensively it was impossible for Plaintiff to determine the nature of the documents and, in some cases, the recipients of the documents. With respect to these documents, Plaintiff raised concerns that they were not subject to FOIA Exemption 5 or 6 but were nonetheless entirely redacted by BIA.

31.    BIA noted in its partial response that it had consulted with DOI in reaching its decision.

32.    On September 20, 2023, Plaintiff appealed BIA's first partial response in accordance with 43 C.F.R. §§ 2.57, 2.58, and 2.59 (attached as **Exhibit E**). Plaintiff pointed out the overbroad application of FOIA Exemptions 5 and 6 discussed above, and requested that BIA provide the full, unredacted versions of the documents that did not appear to be subject to FOIA Exemptions 5 or 6, or any other privilege. Plaintiff also requested that BIA produce a *Vaughn* Index for the redacted materials, in which BIA would identify the FOIA Exemption or privilege asserted for the redacted communications, a general description of the contents of the redacted communications, the date, the author(s), and the recipient(s) and/or copyee(s).

33.    On November 21, 2023, BIA provided a second partial response to Plaintiff's

Request ("Second Partial Response") (attached as **Exhibit F**). In this Second Partial Response, BIA withheld approximately another 24 pages of documents under FOIA Exemption 5 and 6. BIA again stated that it had consulted with DOI in reaching its decision.

34.    On November 29, 2023, DOI sent a letter responding to Plaintiff's September 20, 2023 appeal (attached as **Exhibit G**). DOI concluded that it did not need to take any action with respect to Plaintiff's appeal because the July 6, 2023 response was only an interim response that was not subject to appeal. DOI also concluded that it did not need to take any action with respect to Plaintiff's request for detailed information about the redacted records and explanations of how the claimed exemptions apply during the administrative stages of a FOIA request and appeal.

35.    On February 15, 2024, Plaintiff appealed both the First and Second Partial Responses to DOI in accordance with 43 C.F.R. §§ 2.57, 2.58, and 2.59 (cover letter attached as **Exhibit H**). In addition to its previous appeal of the First Partial Response, Plaintiff noted that BIA failed to produce in both partial responses any documents responsive to four categories of information[1] and requested that BIA provide all the documents that responded to those categories

---

[1] The four categories are as follows:
- Records of or relating to expenditures of congressional appropriations made to the Bureau of Indian Affairs for support of "Dwamish and other allied tribes in Washington" from 1855-1924 (see, e.g., 43 Stat. 708 (Dec. 6, 1924) (appropriating funds to the Department of Interior, Bureau of Indian Affairs, for "General support and civilization: For support of Indians, as follows:…Dwamish and other allied tribes in Washington, $1,180…"));
- Records of or relating to the 1952 "withdrawal planning document for non-reservation tribes with public domain allotments" referenced in footnote 40 on page 22 of th Administrative Background section of the Technical Report for the Final Determination to Acknowledge the Snoqualmie Tribal Organization (1997);
- Records of or relating to the "1952 listing of claims organizations" referenced in footnote 40 on page 22 of the Administrative Background section of the Technical Report for the Final Determination to Acknowledge the Snoqualmie Tribal Organization (1997); and
- Records of or relating to any governmental policy, practice, or procedure to exclude Indigenous women and/or their descendants from tribal enrollment rolls or lists or other tribal enrollment documentation from 1855 to 1920.

509426828.4

of information or otherwise indicate that it did not have any responsive documents.

36.    DOI failed to respond to Plaintiff's appeal by March 7, 2024, as required by the applicable regulations. At the time of the filing of this complaint, DOI still has failed to respond to Plaintiff's appeal.

37.    Despite Plaintiff following up with DOI numerous times—specifically on March 13, 2024; April 5, 2024; August 4, 2024; April 1, 2025; April 7, 2025; and April 28, 2025 (attached together as **Exhibit I**)—DOI has failed to respond to Plaintiff's February 2024 appeal or subsequent communications.

38.    BIA and DOI are therefore both in violation of their respective obligations under FOIA.

39.    Plaintiff is seeking recognition from Defendants as a federally recognized tribe under Part 83 of Title 25 of the Code of Federal Regulations, 25 C.F.R. Part 83. On January 30, 2025, the U.S. District Court for the Western District of Washington granted Defendants' motion for a voluntary remand of their prior denial of Plaintiff's petition for recognition under 25 C.F.R. Part 83 in order to reconsider Plaintiff's petition. *See* Order, *The Duwamish Tribe, et al. v. Haaland*, No. 2:22-cv-633-JNW, ECF No. 90 (W.D. Wash. Jan. 30, 2025). In requesting a voluntary remand, Defendants "promise[d] to allow Plaintiffs to supplement their evidence if remand is granted." *Id*. at 13. It is therefore critical that Defendants timely respond to Plaintiff's Request so that Plaintiff can supplement the record for its recognition petition with any relevant information contained within the documents and other records responsive to the Request.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records—Declaratory Judgment

40.    Plaintiff incorporates by reference all preceding paragraphs.

---

509426828.4

41.     Under FOIA, Plaintiff has a statutory right to have Defendants process its Request in a timely manner.

42.     Under FOIA, Plaintiff has a statutory right to timely obtain all non-exempt records responsive to its Request.

43.     Defendants failed to comply with the statutory deadline for issuing a determination on the Request per 5 U.S.C. § 552(a)(6)(A)(i).

44.     Defendants failed to timely produce all non-exempt records responsive to the Request.

45.     Defendants failed to provide any explanation for their claimed exemptions in their First Partial Response or Second Partial Response to the Request.

46.     Defendants failed to provide any explanation for their extended delay in responding to the Request.

47.     While BIA is the primary bureau within DOI responsible for responding to the Request, it consulted with DOI in reaching both of its partial responses to Plaintiff's Request. Additionally, DOI's regulations make clear that DOI is ultimately responsible for requests made to any bureau within it under FOIA. *See, e.g.*, 43 CFR § 2.3(b) ("To make a request for Department [of Interior] records, you must write directly to the bureau that you believe maintains those records[.]").

48.     Plaintiff is entitled to a declaratory judgment that Defendants violated Plaintiff's rights by failing to timely and completely respond to the Request.

### SECOND CLAIM FOR RELIEF
### Duty to Respond to Appeal—Declaratory Judgment

49.     Plaintiff incorporates by reference all preceding paragraphs.

50.     Under FOIA, Plaintiff has a statutory right to have DOI respond to an appeal of any

adverse determination of its Request.

51.     DOI failed to comply with the statutory deadline for responding to Plaintiff's appeal of Defendants' adverse determination per 5 U.S.C. § 552(a)(6)(A)(ii).

52.     DOI failed to provide any explanation for its extended delay in responding to Plaintiff's February 15, 2024 appeal of the First and Second Partial Responses.

53.     Plaintiff is entitled to a declaratory judgment that DOI violated Plaintiff's rights by failing to respond to Plaintiff's February 15, 2024 appeal of the First and Second Partial Responses.

### THIRD CLAIM FOR RELIEF
### Duty to Produce Records—Injunctive Relief

54.     Plaintiff incorporates by reference all preceding paragraphs.

55.     Unless Defendants' violations of FOIA are enjoined by this Court, Defendants will continue to violate Plaintiff's legal rights to timely receive a complete set of responsive documents sought through the Request.

56.     Plaintiff is entitled to injunctive relief compelling Defendants to produce the records responsive to the Request.

57.     Plaintiff is entitled to injunctive relief compelling Defendants to produce a *Vaughn* Index for the redacted materials, in which Defendants would identify the FOIA exemption or privilege asserted for the redacted communications, a general description of the contents of the redacted communications, the date, the author(s), and the recipient(s) and/or copyee(s).

58.     It is in the public interest for the Court to issue an injunction requiring Defendants' immediate compliance with FOIA.

### FOURTH CLAIM FOR RELIEF
### Costs and Fees

59.     Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against Defendants

509426828.4

reasonable attorney's fees and other litigation costs reasonably incurred in any cases under this section in which the complainant has substantially prevailed.

**PRAYER FOR RELIEF:**

60.    Plaintiff respectfully requests that this Court:

a.    Assume and maintain jurisdiction over this matter until Defendants comply with FOIA and every order issued by this Court;

b.    Declare that Defendants have violated FOIA by failing to provide Plaintiff with the requested records in the Request;

c.    Declare that DOI has violated FOIA by failing to respond to Plaintiff's February 15, 2024 appeal of the First and Second Partial Responses;

d.    Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed pursuant to law;

e.    Declare that Defendants have waived any objection to Plaintiffs' request for a waiver of fees incurred in responding to the Request;

f.    Order Defendants to immediately conduct a thorough search of all records responsive to the Request;

g.    Order Defendants to immediately disclose, in their entirety, all responsive records to the Request not specifically exempt from disclosure under FOIA and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the Request and without cost to Plaintiff;

h.    Order Defendants to provide a *Vaughn* index of any responsive records or portions of records withheld under a claim of a FOIA exemption, *see Vaughn*

-14-

*v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973);

i.   Award Plaintiff attorney's fees and other litigation costs reasonably incurred

pursuant to 5 U.S.C. § 552(a)(4)(E); and

j.   Grant such other relief as this Court deems just and proper.

Dated: June 13, 2025                    K&L GATES LLP

By: _____

J. Timothy Hobbs, Bar No. 976470
tim.hobbs@klgates.com

501 Commerce St.
Suite 1500
Nashville, Tennessee  37203
Telephone:     +1 615 780 6700
Facsimile:     +1 615 780 6799

David Wang (*pro hac vice* pending)
david.wang@klgates.com

925 Fourth Avenue
Suite 2900
Seattle, Washington  98104
Telephone:     +1 206 370 6554
Facsimile:     +1 206 623 7022

Attorneys for Plaintiff Duwamish Tribe

509426828.4